BROCKWAY MOTOR TRUCK CORPORATION OF PORTO RICO, Plaintiff and Appellee, v. CARLOS R. COLÓN ROSICH, Defendant and Appellant.

No. 6024. Argued February 8, 1934.—Decided November 15, 1934.

*Felipe Colón Díaz* for appellant. *Dubón & Ochoteco* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This case and another of the same plaintiff against Carlos R. Colón Rosich and Luis Lorenzi were tried together in

the District Court of Ponce and decided by the latter with the same evidence offered in both cases. In each case a judgment for plaintiff was rendered. Both cases were appealed by the defendants, who have filed a single brief for both appeals making the same assignment of errors. Hence, the grounds for this opinion will also serve as such for the case we have referred to. We are concerned with the recovery of the value of several promissory notes signed by defendant to the order of J. Octavio Seix & Co., Inc. which by indorsement became the possession of the Nova Scotia Bank, which Bank indorsed them without date in favor of Brockway Motor Truck Corporation of Porto Rico, which is the present holder. The only errors assigned for a reversal of the judgment appealed from are that the lower court erred in admitting as evidence the promissory notes without their being properly indorsed and that it also erred in weighing the evidence and hence in rendering the judgment against defendant.

The basis for the first assignment of error is that the promissory notes upon which plaintiff sues were not admissible in evidence because the Brockway Motor Truck Corporation of Porto Rico did not acquire the ownership of the same as the indorsements had no date, since Section 553 of the Code of Commerce requires that indorsements of promissory notes payable to bearer must be made with the same statement as bills of exchange; that in accordance with Section 461 the ownership of bills of exchange will be transferred by indorsement; that by Section 462 it is required that indorsements have the date on which they are made; and that Section 463 provides that if the date of the indorsement does not appear, the ownership of the bill of exchange will not be transferred; and it will be understood, as a simple indorsement for collection.

Said legal provisions were considered by us when deciding the case of *Noriega & Alvarez* v. *Cruz & Co.*, 33 P.R.R. 530, where we said:

"According to article 463 of the Code of Commerce, the omission of the date in the indorsement of a bill of exchange, whether or not it is signed in blank, has a double effect: It leaves the ownership of the bill in the endorser and creates 'simply a commission for collection.' These two consequences are inseparable and must stand or fall together. One is no more absolute and inevitable than the other. The provisions that 'the ownership of the bill of exchange shall not be transferred' and that the indorsement 'shall be understood as simply a commission for collection' construed together and in the light of the context establish a *prima facie* legal condition. In either case the presumption must yield to clear and convincing evidence of the actual date of the indorsement and of the existence of a good and sufficient consideration."

Applying said doctrine to the instant case and examining the evidence presented at the trial, we find it sufficient to prove the date of the indorsements to plaintiff and the existence of a sufficient consideration for them, as the witness Mr. Villavicencio testified as to the date of the indorsements and that he personally, as assistant manager of the corporation Brockway Motor Truck Corporation of Porto Rico delivered the amount of said promissory notes to the bank because having been secured by plaintiff they had not been paid.

In virtue thereof the judgment appealed from must be affirmed.